# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-1862V
Filed: November 5, 2018
UNPUBLISHED

| | |
|---|---|
| B.C., a minor, by and through his parent and natural guardian, RACHELLE GUCWA,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Special Processing Unit (SPU); Damages Decision Based on Proffer; Rotavirus Vaccine; Intussusception |

*Maximillian J. Muller*, Muller Brazil, LLP, Dresher, PA, for petitioner.
*Camille Michelle Collett*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

  On December 1, 2017, Rachelle Gucwa ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act") on behalf of her son, B.C.  Petitioner alleges that B.C. suffered from intussusception as a result of a rotavirus vaccine he received on July 26, 2016.  Petition at 1.  The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On June 13, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation.  On November 2, 2018, respondent filed a proffer on award of compensation ("Proffer") recommending that the undersigned award the following: an amount sufficient to purchase an annuity contract, paid to the life insurance company from which the annuity will be purchased, subject to the conditions described in the attached proffer, that will provide a certain lump sum payment to B.C. as follows: $87,504.36 payable in a certain lump sum on May 23, 2034. Proffer at 2.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.  *Id.*

Pursuant to the terms stated in the attached Proffer, **the undersigned awards an amount sufficient to purchase an annuity contract, paid to the life insurance company from which the annuity will be purchased, subject to the conditions described in the attached proffer that will provide a certain lump sum payment to B.C. as set forth below:**

**$87,504.36 payable in a certain lump sum on May 23, 2034.**

This amount represents compensation for all damages that would be available under § 15(a).   The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                          **s/Nora Beth Dorsey**
                                          Nora Beth Dorsey
                                          Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| B.C., a minor, by and through his parent and natural guardian, RACHELLE GUCWA, | ) ) ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) ) ) |

No. 17-1862V
Chief Special Master
Nora Beth Dorsey
ECF

**RESPONDENT'S PROFFER OF DAMAGES**

On June 13, 2018, respondent filed a Rule 4(c) Report conceding petitioner's entitlement to compensation for B.C.'s intussusception allegedly sustained as a result of a rotavirus vaccine administered on July 26, 2016. On June 13, 2018, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to damages in this case. Respondent now proffers that B.C. receive compensation for damages as outlined below.

**I.     Items of Compensation and Form of the Award**

Based upon the evidence of record, respondent proffers, and the parties recommend, that compensation be made through future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

---

[1] Should B.C. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

1

A. <u>Annuity</u>

An amount sufficient to purchase an annuity contract,[2] paid to the life insurance company[3] from which the annuity will be purchased,[4] subject to the conditions described below, that will provide a certain lump sum payment to B.C. as set forth below:

$87,504.36 payable in a certain lump sum on May 23, 2034.

Should B.C. predecease the certain lump sum payment set forth above, said payment shall be made to his estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of B.C.'s death.

This amount represents all elements of compensation to which B.C. would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.[5]

---

[2] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[4] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

[5] At the time payment is received, B.C. will be an adult, and thus guardianship is not required.

**II.     Summary of Recommended Payments Following Judgment**

    A.     An amount sufficient to purchase the annuity contract described above in section I. A.

Petitioner agrees with the proffered award as representing all elements of compensation under 42 U.S.C. § 300aa-15(a) to which B.C. is entitled.

    Respectfully submitted,

    JOSEPH H. HUNT
    Assistant Attorney General

    C. SALVATORE D'ALESSIO
    Acting Director
    Torts Branch, Civil Division

    CATHARINE E. REEVES
    Deputy Director
    Torts Branch, Civil Division

    GABRIELLE M. FIELDING
    Assistant Director
    Torts Branch, Civil Division

    s/Camille M. Collett
    CAMILLE M. COLLETT
    Trial Attorney
    Torts Branch, Civil Division
    U.S. Department of Justice
    P.O. Box 146
    Benjamin Franklin Station
    Washington, D.C. 20044-0146
    Tel: (202) 616-4098

Dated: November 2, 2018